IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Jonathan M. Rodriguez, ) | Civil Action No.: 9:12-cv-01832-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bruce Oberman, Supervisor, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Jonathan M. Rodriguez, a state prisoner proceeding *pro se*, filed this action under 42 U.S.C. § 1983, alleging that violations his constitutional rights on numerous occasions. This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Bristow Marchant.[1] In the R&R, the Magistrate Judge recommends that the Court summarily dismiss Plaintiff's action against Defendant *without prejudice* and without service of process for Plaintiff's failure to state a claim against Defendant.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed this § 1983 action in June 2012, alleging various violations of his constitutional rights under the First, Eighth, and Fourteenth Amendments. Compl., ECF No. 1. In his allegations, he names several employees of the South Carolina Department of Corrections; however, the only Defendant in this action is Bruce Oberman, who allegedly is the supervisor of the Administrative Segregation Unit ("ASU") at the Lee Correctional Institution. All of the violations

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

1

apparently stem from Plaintiff's placement in protective custody after he renounced his affiliation with a gang. Because the allegations are adequately represented in the Magistrate Judge's R&R, the Court need not elaborate further for the purpose of this order.[2] The Magistrate Judge issued is R&R on July 11, 2012, R&R, ECF No. 11, and Plaintiff filed timely and extensive objections, Pl.'s Objs., ECF No. 13. The matter is now before the Court.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

---

[2] Plaintiff objects to several facts recited in the R&R by the Magistrate Judge, including several dates. *See* Pl.'s Objs 7. The Court, however, has reviewed his complaint and finds that the Magistrate Judge's representation of facts, to the extent it differs from Plaintiff's, does not alter this Court's ultimate ruling. As such, any such error is harmless and any relevant objection is overruled.

**DISCUSSION**

The Magistrate Judge recommends summarily dismissing Plaintiff's complaint, concluding that Plaintiff failed to state a claim against Oberman under § 1983. Specifically, the Magistrate Judge points out that Plaintiff does not allege that Defendant actually committed many of the violations of which he complains. In other words, Oberman's connection to Plaintiff's alleged constitutional injuries arises from the mere fact that he was the ASU supervisor. Along that line, the Magistrate Judge concludes that Plaintiff fails to plead sufficient facts to support a claim that Defendant is liable as a supervisor under § 1983. Finally, the Magistrate Judge reports that Plaintiff fails to state a claim against Oberman in the "few allegations that directly reference Oberman." These allegations include Oberman's presence at Plaintiff's protective custody board meeting, Oberman's failure to transfer Plaintiff as he requested, Oberman's failure to process Plaintiff's grievances, Oberman's retaliation against Plaintiff, and Oberman's connection to a denial of religious materials and a hostage taking situation. R&R 5–9.

In response, Plaintiff filed extensive objections to the R&R. To the extent Plaintiff does not raise new facts to support his claims, which is improper in objections, he largely rehashes the claims he raised in his complaint. *See* 28 U.S.C. § 636(b)(1)(C) (providing that objections must be to the "proposed findings and recommendations" of the Magistrate Judge); Fed. R. Civ. P. 72(b)(2) (same). The Court, however, may only consider objections to the R&R that direct it to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). Again, "courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed

findings and recommendation." *Orpiano*, 687 F.2d at 47. Thus, the Court shall conduct a *de novo* review of those objections it deems proper.

First, Plaintiff argues in his objections that it was Oberman who *approved* the decision to return him to the general population from protective custody. Pl.'s Objs. 1–2. However, even if any decision of the protective custody board resulted in cruel and unusual punishment,[3] Plaintiff does not allege in his complaint that it was Oberman's decision to make. Second, Plaintiff notes that he was told by officers that the retaliation against him was directed by Oberman as a result of Plaintiff's religion and filing of grievances. *Id.* at 3–4. He adds that he should have received a disciplinary hearing before he was placed in ASU's "Supermax." *Id.* The undersigned, however, agrees with the Magistrate Judge that Plaintiff's complaint does not adequately allege retaliation by Oberman or state a proper claim for his placement in Supermax, as the classification of prisoners for placement purposes is within the discretion of prison officials. *See* R&R 7–8. Finally, Plaintiff objects to the Magistrate Judge's conclusion that Oberman refused to give Plaintiff his religious materials. According to Plaintiff's own allegations, however, Oberman's position was that Plaintiff should have the materials after he completed the proper paperwork for them. *See* Compl. 10. Therefore, the Court finds the Magistrate Judge's recommendation to be proper, and Plaintiff's objections, to the extent they are proper, are overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

---

[3] The Magistrate Judge, of course, properly noted that Plaintiff does not allege he was ever returned to the general population, where his safety would be at risk.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

                 s/ R. Bryan Harwell
                 R. Bryan Harwell
                 United States District Judge

Florence, South Carolina
October 18, 2013